O’NIELL, C. J.
 

 TEis is an appeal from a judgment dismissing an interdiction suit for want of jurisdiction in the civil district court for the parish of Orleans.
 

 The court decided that the woman whose interdiction is sought, whose name is Miss Fannie Young Stith, was a resident of the state of Alabama. She was born in Alabama,
 
 *491
 
 but moved to Pass Christian, Miss., in her childhood. Her mother then moved to Pass Christian and established her residence there, with this child and four others, and the family continued to live there for about 25 years, that is, until 1916, when the mother moved to New Orleans. One of the daughters, Miss Eppie Stith, who is the appellant in this suit, was already living in New Orleans, and the mother took up her residence with her. Another sister, Mrs. Slade, had married and was living in Magnolia, Ala. It appears that Miss Fannie Stith was visiting Mrs. Slade, in Alabama, when her mother moved from Pass Christian to New Orleans in 1916, and that Miss Fannie Stith came to New Orleans to live with her mother a few months later. They continued to live with Miss Eppie Stith in New Orleans until the mother died in August, 1919. The home in Pass Christian, which had been rented since 1916, was then sold. Thereafter Miss Fannie Stith lived, alternately, with Miss .Eppie Stith in New Orleans and with Mrs. Slade in Alabama, remaining about two months continuously with one and about the same time with the other. In the latter part of 1922 or beginning of 1923 Miss Fannie Stith rented a room on Jackson avenue, in New Orleans, and • undertook to support herself by nursing the sick, but her health was bad and she could not continue the work. She had shown symptoms of mental weakness in 1922, while in New Orleans. In -March or April, 1923, she gave up
 
 her room on
 
 Jacks
 
 on
 
 avenue and went again to visit Mrs. Slade in Alabama. In July of that year Mrs. Slade appealed to Miss Eppie Stith to come to Alabama and take charge of their sister, who was then seriously afflicted mentally. A doctor, who was treating her in Alabama, also wired Miss Eppie Stith to come and take charge of her sister. Miss Eppie Stith then went to Alabama in July, 1923, and brought her sister to New Orleans and placed her in the Touro Infirmary for examination and treatment. Two days later, on the advice of the physicians, she was removed to the Louisiana Retreat, an insane asylum in New Orleans. On the 18th of September, 1923, on the petition of the coroner, she was pronounced insane by a judgment of the civil district court in New Orleans, and was committed to the State Hospital for the Insane, at Jackson, La., where she is yet. She is about
 
 57
 
 years of age and unmarried. She has a small bank account in New Orleans and an interest in real estate in Alabama, inherited from her mother. The citation in this suit was served upon her in the insane asylum at Jackson. She made no appearance, of course, and, after the legal delays, the court appointed a curator ad hoc to defend her.
 

 Our opinion is that the civil district court for the parish of Orleans has jurisdiction of this suit. Its main purpose — if not the only purpose — is to have a curator appointed to take charge of and administer the small estate, consisting of the bank'account, in New Orleans. It is imperative that a court of justice somewhere shall assume that responsibility, and it seems right that the tribunal that pronounced the unfortunate woman insane and committed her to the public asylum as a ward of the state ought to appoint a curator to administer her estate. When she was brought to New Orleans in July, 1923, it was not for the purpose of interdicting her and making
 
 her
 
 a charge upon the state. She was brought here for medical treatment and because she belonged here more than anywhere else. Her domicile was not fixed quite certainly in New Orleans after
 
 her
 
 mother’s death, but the evidence convinces us that her principal place of residence was in New Orleans during the last three years of her mother’s life, and was not afterwards established anywhere else.
 

 The judgment appealed from is annulled,
 
 *493
 
 and the ease is ordered remanded to the civil district court for further proceedings consistent with the foregoing opinion.